December 1, 2010

Ms. Gail Lowe, Chair
State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. GA-0823

Re: Public school textbook adoption under recent legislative amendments to the Education Code (RQ-0887-GA)

Dear Ms. Lowe:

On behalf of the State Board of Education (the "SBOE" or "Board"), you ask several questions regarding amendments to the Education Code enacted in 2009.[1] Specifically, your questions relate to changes to the Education Code adopted in House Bill 2488 and House Bill 4294. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 679, §§ 1–12, 2009 Tex. Gen. Laws 1508, 1508–12 ("House Bill 2488"); Act of May 29, 2009, 81st Leg., R.S., ch. 1407, §§ 1–11, 2009 Tex. Gen. Laws 4392, 4392–96 ("House Bill 4294").

## I.    Background

To provide context for your questions, we review Education Code provisions pertinent to the textbook adoption and selection process. Generally, school districts must offer a required curriculum composed of the foundation curriculum and the enrichment curriculum. TEX. EDUC. CODE ANN. § 28.002(a) (West Supp. 2010). The SBOE identifies the essential knowledge and skills of each subject of the required curriculum, which are used in evaluating textbooks under chapter 31 of the Education Code. *Id.* § 28.002(c). The SBOE provides for a review and adoption cycle for textbooks for each subject of the required curriculum. *Id.* § 31.022(a). Under sections 31.023 and 31.035, the SBOE must adopt lists of conforming, nonconforming, and supplemental textbooks. *Id.* §§ 31.023(a) (further providing that a conforming textbook contains material covering each element, and a nonconforming textbook covers at least half of the elements of the essential knowledge and skills of the subject and grade level); 31.035 (providing for supplemental textbooks which contain material that covers a primary focal point or topic in the required curriculum but which are not designed to serve as a sole textbook for a full course).

The Education Code defines a "textbook" to include an electronic textbook. *Id.* § 31.002(3). House Bill 2488 relates, as a general matter, to open-source textbooks, which are a particular type

---

[1]Request Letter at 2–5 (*available at* http://www.texasattorneygeneral.gov).

of electronic textbook, and other instructional materials. *See* House Bill 2488. House Bill 4294 generally relates to textbooks, electronic textbooks, instructional materials, and technological equipment in public schools. *See* House Bill 4294. You state that both bills present opportunities for cost savings by providing options in addition to traditional paper textbooks. *See* Request Letter at 2.

## II.    Classroom Set of Textbooks

You explain that your "first four questions deal with the term 'classroom set' as it appears in Section 31.101(c-1) of the Education Code." *Id.* Section 31.101 concerns school districts' selection and purchase of textbooks of various kinds. TEX. EDUC. CODE ANN. § 31.101 (West Supp. 2010). Subsection 31.101(c-1) provides that "[n]otwithstanding any other provision of this chapter, a school district or open-enrollment charter school must purchase a classroom set of textbooks adopted by the State Board of Education under Section 31.023 or 31.035 for each subject and grade level in the foundation and enrichment curriculum." *Id.* § 31.101(c-1).

### A.    SBOE Definition of "Classroom Set"

The Board has, by rule,[2] defined the term "classroom set" to mean "the total count of SBOE-adopted textbooks on the conforming or nonconforming list necessary to provide one copy to each student during the class period." 19 TEX. ADMIN. CODE § 66.104(s) (2010) (Tex. Educ. Agency, Selection of Instructional Materials by School Districts). You first ask us to "confirm that the Board has appropriately implemented . . . section [31.101(c-1)] of the Education Code." Request Letter at 2. You explain that "[c]oncerns have been raised about the impact of the term 'classroom set' on elementary grade textbooks where students do not cycle through classes as is common in middle and high schools" but do not go on to clarify the legal basis of this concern. *Id.* The concern appears to hinge on how the SBOE interprets its rule. For instance, the manner in which the SBOE interprets the phrase "class period" could be relevant in addressing this concern. Without more information about the legal basis of the concern and how the SBOE interprets its rule, however, we are unable to answer your first question.

### B.    University Open-Source Textbooks as a Classroom Set

Your second question is "whether university open-source textbooks are eligible for local selection" as a classroom set or, stated conversely, whether "university open-source textbooks may not be selected by school districts to satisfy the classroom set requirement under Section 31.101

---

[2]Education Code section 7.102 provides that the SBOE "shall adopt and purchase or license textbooks as provided by Chapter 31 and adopt rules required by that chapter." TEX. EDUC. CODE ANN. § 7.102(c)(23) (West 2006). Chapter 31 provides that the SBOE "may adopt rules, consistent with this chapter, for the adoption, requisition, distribution, care, use, and disposal of textbooks." *Id.* § 31.003.

(c-1)."[3] *Id.* at 2–3. An open-source textbook is, generally speaking, an electronic textbook that a student may obtain from the Internet at no charge.[4]

Subsection 31.101(c-1) provides that a classroom set of textbooks consists of "textbooks adopted by the State Board of Education under Section 31.023 or 31.035." TEX. EDUC. CODE ANN. § 31.101(c-1) (West Supp. 2010). By legislative definition, the term textbook includes an open-source textbook.[5] *Id.* § 31.002(1), (3) (defining "textbook" to include an electronic textbook and defining "electronic textbook" to include an open-source textbook); TEX. GOV'T CODE ANN. § 311.011(a)–(b) (West 2005) (providing that words that have a particular meaning because of a legislative definition shall be construed accordingly). Section 31.0241(c) provides that an eligible institution (i.e., a university)[6] is not prohibited from "submitting a textbook for placement on a conforming or nonconforming list through any other adoption process provided by" chapter 31. TEX. EDUC. CODE ANN. § 31.0241(c) (West Supp. 2010). Thus, an open-source textbook could be adopted under section 31.023 or 31.035, as required by subsection 31.101(c-1), and thereby constitute a classroom set.[7]

---

[3]While you inform us that the SBOE has adopted a rule that provides that "[a]n open-source textbook defined in [Education Code] § 31.0241 . . . shall not fulfill the requirement of a classroom set," we understand your question to concern statutory requirements rather than SBOE rules. *See* 19 TEX. ADMIN. CODE § 66.67(k) (2010) (Tex. Educ. Agency, Adoption of Open-Source Instructional Materials); Request Letter at 3.

[4]We do not find the term "university open-source textbook" in chapter 31. Chapter 31 defines "'[o]pen-source textbook' [to] mean[] an electronic textbook that is available for downloading from the Internet at no charge to a student and without requiring the purchase of an unlock code, membership, or other access or use charge, except for a charge to order an optional printed copy of all or part of the textbook." TEX. EDUC. CODE ANN. § 31.002(1-a) (West Supp. 2010). Section 31.0241 provides that "eligible institutions"—defined to include certain institutions of higher education—may submit open-source textbooks for adoption. *Id.* § 31.0241(b)–(c). Thus, we understand and use the phrase "university open-source textbook" throughout this opinion to mean an open-source textbook submitted by an eligible institution as defined in section 31.0241.

[5]You appear to agree that the term textbook includes an open-source textbook. *See* Request Letter at 5, n.21 ("The term 'textbook' as defined in Section 31.002 includes electronic textbooks, open-source textbooks and instructional materials.").

[6]"'[E]ligible institution' means . . . a public institution of higher education that is designated as a research university or emerging research university under the higher education coordinating board's accountability system, or a private university located in this state that is a member of the Association of American Universities." TEX. EDUC. CODE ANN. § 31.0241(a)(1) (West Supp. 2010).

[7]You appear to agree. *See* Request Letter at 3, n.14 ("Of course, a university could choose to submit a textbook through the formal Board adoption process in addition to certifying under Section 31.0241.").

### C.    Materials that Do Not Cover Entire State Curriculum as Classroom Set

Your third question asks whether a school district or open-enrollment charter school may "satisfy the requirement of Section 31.101(c-1) by purchasing a classroom set of materials[8] adopted by the Board that does not cover the entire state curriculum[.]"[9] Request Letter at 3 (footnotes added).

By its terms, section 31.101(c-1) provides that a classroom set of textbooks consists of "textbooks adopted by the State Board of Education under Section 31.023 or 31.035." TEX. EDUC. CODE ANN. § 31.101(c-1) (West Supp. 2010). Section 31.023 provides for the adoption of textbooks placed on either a conforming or nonconforming list. *Id.* § 31.023(a). Textbooks on the nonconforming list "contain[] material covering at least half, but not all, of the elements of the essential knowledge and skills of the subject and grade level in the student version of the textbook." *Id.* § 31.023(a)(2). Thus, a classroom set of textbooks could, by the express terms of section 31.101 (c-1), include textbooks on the nonconforming list which do not, as you describe it, cover the entire state curriculum.

### D.    Student's Ability to Take Home Textbooks

Your fourth question is whether "[s]ubsection 26.006(c) entitles a student to take a textbook home at the request of a parent if a copy of the textbook is 'available'" and whether such entitlement extends to a textbook that is part of a classroom set. Request Letter at 4. Subsection 26.006(c) provides that

> [a] student's parent is entitled to request that the school district or open-enrollment charter school the student attends allow the student to take home any textbook used by the student. Subject to the availability of a textbook, the district or school *shall* honor the request. . . . In this subsection, "textbook" has the meaning assigned by Section 31.002.

TEX. EDUC. CODE ANN. § 26.006(c) (West 2006) (emphasis added).

---

[8]We understand your reference to "a classroom set of materials" to mean a classroom set of textbooks under section 31.101(c-1). *See* Request Letter at 2 (telling us that your first four questions relate to the meaning of "classroom set of textbooks" in section 31.101(c-1)); *see also* TEX. EDUC. CODE ANN. § 31.002(3) (West Supp. 2010) (defining "textbook" to include certain materials).

[9]We do not find the term "state curriculum" in chapter 31 but understand you to mean the elements of the essential knowledge and skills of the subject and grade level in the student version of the textbook. *See, e.g.*, Request Letter at 3 n.13 ("Section 31.023 of the Education Code provides for a 'conforming list' of textbooks that cover all the elements of the state curriculum and a 'nonconforming list' whose textbooks cover at least one-half of those elements."); *see also* TEX. EDUC. CODE ANN. §§ 28.002 (West Supp. 2010) (setting out required curriculum), 32.254(c) (providing that certain classes "must be aligned with state curriculum requirements under Section 28.002 and the essential knowledge and skills identified under that section"); 19 TEX. ADMIN. CODE § 228.2(20) (2010) (defining the "Texas Essential Knowledge and Skills" as "[t]he Kindergarten-Grade 12 state curriculum in Texas adopted by the State Board of Education and used as the foundation of all state certification examinations").

By its terms, subsection 26.006(c) entitles a parent to request that a student be allowed to take home a textbook that is used by the student. *Id.* If the textbook is available, as your question asks us to assume, then a charter school or school district has a duty to honor that request. *See* TEX. GOV'T CODE ANN. § 311.016(2) (West 2005) (providing that the term "shall" is generally construed to impose a duty).

Also by its terms, subsection 26.006(c) applies to "*any* textbook" that is used by a student. TEX. EDUC. CODE ANN. § 26.006(c) (West 2006) (emphasis added). Thus, if a student uses a textbook that is part of a classroom set and the textbook is available, then the school or district's duty to honor the parent's request extends to that textbook.

## III.     University Open-Source Textbooks

Your next three questions relate to university open-source textbooks. *See supra* note 4 (discussing the meaning of the phrase "university open-source textbook").

### A.     SBOE's Discretion in Placing a University Open-Source Textbook on a State Adoption List

Your fifth question asks whether the SBOE has "authority [under section 31.0241(b)] to decline to place a university open-source textbook on the conforming or nonconforming list of textbooks if the university disagreed with the Board as to whether the textbook covered the curriculum or contained factual errors." Request Letter at 4; *see also supra* page 3 (explaining that an open-source textbook may be submitted under any process provided in chapter 31).

Section 31.0241(b) provides that the SBOE "*shall* place an open-source textbook for a secondary-level course submitted for adoption by an eligible institution on a conforming or nonconforming list if" the textbook meets certain criteria and the eligible institution makes certain determinations. TEX. EDUC. CODE ANN. § 31.0241(b) (West Supp. 2010) (emphasis added); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (West 2005) (providing that the term "shall" is generally construed to impose a duty). One such determination is "that the textbook qualifies for placement on the conforming or nonconforming list based on the extent to which the textbook covers the essential knowledge and skills identified under Section 28.002 for the subject for which the textbook is written." TEX. EDUC. CODE ANN. § 31.0241(b)(4) (West Supp. 2010). We find no authority under section 31.0241 for the SBOE to decline to place an open-source textbook on the conforming or nonconforming list if the SBOE disagrees with the eligible institution's determination as to this or any other issue for the eligible institution's determination.[10]

---

[10] You do not ask and, thus, this opinion does not address whether the SBOE has such authority when a university open-source textbook is adopted through some process other than the section 31.0241 process. Moreover, we do not address any potential issues that may arise should the SBOE chose to impose an administrative penalty on a university.

### B.    SBOE's Authority to Fine or Sanction a University

Your sixth question asks whether the SBOE "has the authority to impose a fine or other sanction under its rules generally relating to a publisher against a university that certifies an open-source textbook." Request Letter at 4. You explain that subchapter D, chapter 31 of the Education Code imposes certain duties on publishers[11] of textbooks and authorizes the SBOE to impose a reasonable administrative penalty for violations under that subchapter. *See* TEX. EDUC. CODE ANN. §§ 31.151–.153 (West 2006 & Supp. 2010); Request Letter at 4. You also tell us that the SBOE has adopted rules applying the duties of publisher to a university submitting an open-source textbook. *See* 19 TEX. ADMIN. CODE § 66.67(i)–(j) (2010) (Tex. Educ. Agency, Adoption of Open-Source Instructional Materials); Request Letter at 4. This "status of 'publisher' raises a question as to whether penalties that the Board may otherwise assess against a publisher may be imposed on a university." Request Letter at 4. Assuming that a university is properly characterized as a publisher,[12] we conclude that subchapter D, chapter 31 of the Education Code authorizes the SBOE to impose an administrative penalty on a university for such violation of the subchapter.[13]

### C.    University Open-Source Textbook Credits

Your seventh question asks whether an open-enrollment charter school or school district is entitled to a credit under section 31.1011 if the school or district "selects a university open-source textbook in lieu of another textbook purchased at state expense." Request Letter at 5. Section 31.1011 provides that "[a] school district or open-enrollment charter school is entitled to receive credit for textbooks purchased at a cost below the cost limit established under Section 31.025(a)."[14] TEX. EDUC. CODE ANN. § 31.1011(a) (West Supp. 2010). As we previously stated, an open-source textbook is, by legislative definition, a textbook. *Id.* § 31.002(1), (3) (defining "textbook" to include an electronic textbook and defining "electronic textbook" to include an open-source textbook). Thus, if an open-enrollment charter school or school district acquires a university open-source textbook at a cost below the cost limit established under section 31.025(a), the school or district is entitled to a credit.

## IV.    Ownership of Technological Equipment

Your final question is "whether technological equipment purchased under Section 31.1011 is the property of the state or the local school district." Request Letter at 5. You tell us that the SBOE assumes that such equipment becomes state property by virtue of section 31.102, which

---

[11]Section 31.002(2) provides that the term publisher "includes an on-line service or a developer or distributor of an electronic textbook." TEX. EDUC. CODE ANN. § 31.002(2) (West Supp. 2010).

[12]You do not ask and, thus, this opinion does not address the meaning of the term publisher.

[13]We do not address any issues beyond what the face of the statute purports to authorize.

[14]Section 31.025 provides that the SBOE "shall set a limit on the cost that may be paid from the state textbook fund for a textbook placed on the conforming or nonconforming list for a particular subject and grade level." *See id.* § 31.025(a) (West 2006).

provides that "each *textbook* purchased as provided by this chapter is the property of this state." TEX. EDUC. CODE ANN. § 31.102 (West 2006) (emphasis added); Request Letter at 5.

The term "technological equipment" is defined to mean "hardware, a device, or equipment necessary for" certain instruction and professional use. TEX. EDUC. CODE ANN. § 31.002(4) (West Supp. 2010). The term "textbook" is defined to "mean[] a book, a system of instructional materials, or a combination of a book and supplementary instructional materials that conveys information to the student or otherwise contributes to the learning process, or an electronic textbook." *Id.* § 31.002(3). As you recognize, the term "textbook" does not include "technological equipment." *See* Request Letter at 5 ("The definition of 'textbook' in Section 31.102 does not appear to include 'technological equipment' as defined at Subsection (4)."); *see also* Tex. Att'y Gen. Op. No. GA-0444 (2006) at 1 ("Neither the definition of 'textbook' nor that of 'electronic textbook' indicates that [the terms] include[] hardware or other equipment."). Thus, we conclude that section 31.102 does not provide that technological equipment is the property of the state.

## S U M M A R Y

Section 31.101(c-1) of the Education Code requires a school district or an open-enrollment charter school to purchase "a classroom set of textbooks" according to the statute's terms. TEX. EDUC. CODE ANN. § 31.101(c-1) (West Supp. 2010). We cannot address whether the State Board of Education ("SBOE") has appropriately implemented the section without information about the SBOE's specific legal concerns and its interpretation of its rules. However, university open-source textbooks adopted pursuant to Education Code section 31.023 or 31.035 may serve as a classroom set of textbooks under section 31.101(c-1). Also, a classroom set under section 31.101(c-1) may include textbooks on the nonconforming list that do not cover the entire state curriculum. Education Code section 26.006(c), which requires a school district or charter school to honor a parent's request to allow the student to take home any textbook used by the student if it is available, applies to a textbook that is part of a classroom set of textbooks.

The SBOE has no authority under section 31.0241 of the Education Code to decline to place an open-source textbook on the conforming or nonconforming textbook list if the SBOE disagrees with an eligible institution's determination that the textbook qualifies for placement on the conforming or nonconforming list. Assuming that a university is properly characterized as a publisher with respect to an open-source textbook, the SBOE has authority to impose an administrative penalty on such a university for violations under subchapter D, chapter 31 of the Education Code. If an open-enrollment charter school or school district acquires a university open-source textbook at a cost below the cost limit established under section 31.025(a) of the Education Code, the school or district is entitled to a credit.

Section 31.102 of the Education Code, which provides that "[e]ach textbook purchased as provided by this chapter is the property of this state," does not include technological equipment as property of the state. *Id.* § 31.102(a) (West 2006).

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William Hill
Assistant Attorney General, Opinion Committee